IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EUSTAQUIO N. UY,  )<br>  )<br>      Plaintiff,  )<br>  )<br>  v.  )<br>  )<br>WELLS FARGO BANK, N.A., AS  )<br>TRUSTEE FOR CARRINGTON MORTGAGE  )<br>LOAN TRUST, SERIES 2006-NC2  )<br>ASSET-BACKED PASS-THROUGH  )<br>CERTIFICATES; NEW CENTURY  )<br>MORTGAGE CORPORATION; MORTGAGE  )<br>ELECTRONIC REGISTRATION SYSTEMS, )<br>INC.; DOES 1-20,  )<br>  )<br>      Defendants.  )<br>  ) | Civ. No. 10-00204 ACK-RLP |

**ORDER DISMISSING PLAINTIFF'S CLAIMS AGAINST NEW CENTURY AND MERS**

      On April 7, 2010, Eustaquio N. Uy ("Plaintiff") filed a complaint ("Complaint") in this Court against Wells Fargo Bank N.A. as Trustee for Carrington Mortgage Loan Trust, Series 2006-NC2 Asset-Backed Pass-Through Certificates ("Wells Fargo"), New Century Mortgage Corporation ("New Century"), and Mortgage Electronic Registration Systems, Inc. ("MERS").  Doc. No. 1.  On March 28, 2011, the Court granted Wells Fargo's motion for summary judgment and dismissed all of Plaintiff's claims against Wells Fargo.  Doc. No. 39 ("Summary Judgment Order").  The Court found that a number of Plaintiff's claims against Wells Fargo

were time-barred, and that the remaining claims failed on the merits.

Also on March 28, 2011, because Plaintiff had not timely served New Century or MERS with a copy of the Complaint, the Court ordered Plaintiff to show cause by April 15, 2011, why the claims against these defendants should not be dismissed without prejudice pursuant to Fed. R. Civ. P. ("FRCP") 4(m). Doc. No. 40 ("Order to Show Cause"). The Court warned Plaintiff "that failure to respond will result in dismissal of the claims against [New Century and MERS] without prejudice." Order to Show Cause at 2. To date, Plaintiff has failed to respond to the Order to Show Cause.

Under FRCP 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed," and the plaintiff does not show good cause for failing to timely serve that defendant, the Court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." "In making extension decisions under [FRCP] 4(m) a district court may consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2007) (quoting Troxell v. Fedders of N. Am., Inc., 160 F.3d 381, 383 (7th Cir. 1998)). Where a plaintiff does not show good cause for failing to timely serve a defendant, the district court

has broad discretion under FRCP 4(m) to dismiss the claims against that defendant without prejudice. See In re Sheehan, 253 F.3d 507, 512-13 (9th Cir. 2001).

Here, more than one year has passed since Plaintiff filed the Complaint, yet Plaintiff has not served New Century or MERS. Nor has Plaintiff shown good cause for failing to effect service on these parties as required by FRCP 4. As noted, Plaintiff has not even responded to the Court's Order to Show Cause. In addition, a number of the claims against New Century and MERS were filed outside of the applicable limitations periods. See Summary Judgment Order at 18-27; Kemp v. DMI-Aviation, Inc., No. CIV 07-428-TUC-CKJ, 2008 WL 2477085, at *2 (D. Ariz. June 18, 2008) ("Where, as here, the filing of the original complaint does not appear to have been filed within the statute of limitations, the Court does not give significant weight to a potential statute of limitations bar. In effect, the Court considers that Kemp would have to show some basis to toll the statute of limitations with or without a dismissal; dismissal would simply increase the time Kemp would have to show is subject to tolling."). Finally, there is no indication that either New Century or MERS possesses actual notice of this lawsuit. See Efaw, 473 F.3d at 1041.

Accordingly, the Court hereby DISMISSES Plaintiff's claims against New Century and MERS without prejudice.

IT IS SO ORDERED.

Dated: Honolulu, Hawai'i, April 20, 2011.



                                  _____
                                  Alan C. Kay
                                  Sr. United States District Judge

Uy v. Wells Fargo Bank N.A., et al., Civ. No. 10-00204 ACK-RLP, Order Dismissing Plaintiff's Claims Against New Century and MERS.